United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America,<br>Plaintiff | )<br>)<br>) | |
| v. | )<br>) | Criminal Case No. 20-20117-CR-Scola |
| Felix Manuel Fernandez-Flaquer,<br>Defendant. | )<br>)<br>) | |

### Order Denying Appeal of Pretrial Detention Order

Now before the Court is the Defendant Felix Manuel Fernandez-Flaquer's motion to revoke the detention order, in which the Defendant asks this Court to overturn the Magistrate Judge's decision that he be detained before trial. On April 23, 2020, the Court conducted a hearing on this motion. After considering the written submissions, the arguments of counsel, the record, and the relevant legal authorities, the Court **denies** the Defendant's motion (**ECF No. 22**).

On February 27, 2020, the Government indicted Fernandez-Flaquer with three counts of conspiracy to distribute controlled substances, and, if convicted, Fernandez-Flaquer faces approximately 20 to 25 years in prison. (Indictment, ECF No. 3.) On March 6, 2020, Magistrate Judge Goodman entered a Detention Order in this case, finding that Fernandez-Flaquer is a flight risk and therefore must be detained before trial. (Detention Order, ECF No. 11 at 3.) Fernandez-Flaquer argues that Magistrate Judge Goodman's detention order should be revoked because the evidence against him was provided by cooperating defendants who may be unreliable and is uncorroborated. (ECF No. 22 at 6.) He argues that "new" evidence rebuts the Government's case. (*Id.* at 8.) And, finally, Fernandez-Flaquer argues that he should be released because his hypertension puts him at a greater risk of the effects of Covid-19. (*Id.* at 14.) The Court does not agree with these arguments for several reasons.

First, Judge Goodman already considered and rejected the Defendant's argument that all of the evidence against him is unreliable because it comes from cooperating defendants. Second, his extensive travel history to and from Florida (two to three times per year since 2010), and that many of these trips coincide with the arrival of shipments of cocaine, corroborate the cooperating defendants' statements. Third, the "new" evidence presented by the Defendant—such as his tax returns showing that he had a job in the United States or his passport showing when he entered and exited the United States—was known to the

Defendant at the time of his initial detention hearing. In fact, when initially asked, he lied to agents about his employment and contacts in the United States. His initial lies do not render the information "new." Fourth, none of the evidence presented to the Court rebuts the Government's evidence that he traveled to the United States, in part, to distribute controlled substances because he could have, for example, overseen the distribution of a shipment of cocaine on the same trip that he attended a baseball game with his daughter. Fifth, with regards to the concerns with Covid-19, virtually every person over the age of 50 has some health condition that could conceivably put that person at a greater risk of succumbing to the coronavirus, but this does not entitle every inmate over 50 to be released. Attorney General William Barr's memo urging the release of particularly vulnerable inmates is not a get-out-of-jail-free card for every incarcerated person. Therefore, his argument that his hypertension entitles him to pretrial release is misplaced.

The Court finds that the Magistrate Judge's factual findings are supported, and the Magistrate Judge's legal conclusions are correct. Specifically, the following critical facts convince this Court to affirm the Magistrate Judge's detention order: (1) Fernandez-Flaquer is a citizen of the Dominican Republic; (2) he spends most of his time in the Dominican Republic; (3) he has family and friends in the Dominican Republic; (4) he conducts business in the Dominican Republic; (5) the evidence against him is quite strong; and (6) if convicted, Fernandez-Flaquer faces a significant sentence which creates a great incentive to flee.

The Court **affirms and adopts** the Magistrate Judge's detention order (ECF No. 11) and **denies** Fernandez-Flaquer's motion for revocation of detention order (**ECF No. 22**).

**Done and ordered** at Miami, Florida, on April 23, 2020.

_____
Robert N. Scola, Jr.
United States District Judge